went to that extent, and that in making this deed he was not fully conscious what he was about, not rational enough to transact the ordinary affairs of life, of course the deed falls. . . .

The jury returned a verdict in favor of the defendants. Judgment having been entered, the plaintiff took this appeal, assigning for error:

1. The refusal of the plaintiff's offer.[1]
11. The answer to the defendants' point.[11]
12–14. The portions of the charge embraced in [ ] [12 to 14]

*Mr. F. C. McGirr* (with him *Mr. W. D. Moore*), for the appellant.

Counsel cited: (1) Section 5 (*e*), act of May 23, 1887, P. L. 159; Bowen v. Goranflo, 73 Pa. 357; Frew v. Clarke, 80 Pa. 170; Karns v. Tanner, 66 Pa. 297. (12–14) Worrall's App., 110 Pa. 349, 356; Greenfield's Est., 14 Pa. 489; Henderson v. Hays, 2 W. 157; Miskey's App., 107 Pa. 612; Darlington's App., 86 Pa. 512; Newhard v. Yundt, 132 Pa. 324.

*Mr. H. T. Watson* and *Mr. John S. Ferguson*, for the appellees, were not heard.

Per Curiam:

We find no substantial error in this record.

Judgment affirmed.

## PETITION OF WM. WOLFF, FOR LICENSE.

### APPEAL BY PETITIONER FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided November 10, 1890.

An order of the court below refusing, after hearing held, the appellant's application for a license to sell liquors at wholesale, under the act of May 24, 1887, P. L. 194, affirmed.*

---

* By the act of March 28, 1889, P. L. 22, it is made the "duty of the State Reporter" to report all the cases decided. For this reason, the dilution of the Reports occasionally cannot be avoided. But such cases are not altogether unprofitable in the preparation of paper-books.

Before Paxson, C. J., Sterrett, Green, Williams, Mc-Collum and Mitchell, JJ.

No. 93 October Term 1890, Sup. Ct. ; court below, No. 597 March Term 1890, Q. S.

The paper-books of the appellant, in this case, set out: (1) A copy of the petition of Wm. Wolff, filed on February 5, 1890, praying the court below to grant him a license, under the act of May 24, 1887, P. L. 194, to sell vinous, spirituous, malt or brewed liquors, in quantities of not less than one quart; (2) a copy of the bond of the petitioner filed in said application ; (3) a "History of the Case," embracing copies of Rules 6, 7, adopted January 2, 1888, (see Pollard's Pet., 127 Pa. 508), and copies of the act of April 3, 1872, P. L. 843, and of the act of May 24, 1887, P. L. 194. No opinion, order or decree of the court, however, was presented otherwise than in the "Docket Entry" which preceded the foregoing, where it was shown :

"And now, hearing held April 25, 1890, and license refused April 30, 1890."

The petitioner took this appeal, filing the following assignments of error :

1. The court erred in refusing the application of William Wolff for a wholesale license.

2. The record showing that no objections were made or remonstrances filed to his application, the court erred in refusing the same.

3. So far as the record shows, William Wolff was entitled to a license to sell liquors at wholesale, and therefore the judgment of the court in refusing his license was erroneous.

4. William Wolff, being a citizen of the United States, and there being no intimation that he was either intemperate or of immoral character, the court below had no discretion, but was legally bound to grant him license on the record as it stood.

*Mr. John F. Cox*, for the appellant.

No appearance contra.

Per Curiam:

　　　　　　　　　　　　　　　　　　　Affirmed.